SEAN REIS (SBN 184004)
sreis@edelson.com
EDELSON MCGUIRE, LLP
30021 Tomas Street, Suite 300
Rancho Santa Margarita, California 92688
T: (949) 459-2124
F: (949) 459-2123

JAY EDELSON (admitted *pro hac vice*)
jedelson@edelson.com
MICHAEL J. MCMORROW
mjmcmorrow@edelson.com
EDELSON MCGUIRE, LLC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
T: (312) 589-6370
F: (312) 589-6378

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**
**SAN DIEGO DIVISION**

| | |
|---|---|
| IN RE: JIFFY LUBE INTERNATIONAL, INC., TEXT SPAM LITIGATION | Case No. 3:11-md-02261-JM -JMA <br><br> MDL No. 2261 <br><br> Honorable Jeffrey T. Miller <br><br> **DECLARATION OF MICHAEL J. McMORROW IN SUPPORT OF MOTION TO APPOINT JAY EDELSON AND MICHAEL J. MCMORROW OF EDELSON MCGUIRE, LLC, AS INTERIM LEAD CLASS COUNSEL, AND TO APPOINT DOUGLAS J. CAMPION AS LIAISON CLASS COUNSEL** |

# DECLARATION OF MICHAEL J. McMORROW

Pursuant to 28 U.S.C. § 1746, I, Michael J. McMorrow, hereby declare and state as follows:

1. I am an attorney admitted to practice in the State of Illinois and am a partner in Edelson McGuire, LLC ("Edelson McGuire" or "the Firm"), which has been retained to represent Plaintiff Rene Heuscher in the above-captioned matter. I am over the age of 18 and am fully competent to make this declaration. This declaration is based upon my personal knowledge, except where expressly noted otherwise.

2. I have been appointed class counsel in several class actions brought under the Telephone Consumer Protection Act of 1991, 47 U.S.C § 227 ("TCPA"), including *Lozano v. Twentieth Century Fox Film Corp, et al.,* No. 09-6344 (N.D. Ill.) and *Espinal v. Burger King Corp., et al*. 09-20982 (S.D. Fla.), each of which resulted in significant classwide relief to consumers under the TCPA. My practice involves significant TCPA litigation, and I have been counsel in several significant reported decisions under the TCPA, including *Lozano*, 702 F. Supp. 2d 999 (N.D. Ill. 2010), *Abbas v. Selling Source*, 09 CV 3413, 2009 WL 4884471 (N.D. Ill. Dec. 14, 2009), *Kramer v. Autobytel, Inc.,* 759 F. Supp. 2d 1165 (N.D. Cal. 2010), and *Gomez v. Campbell-Ewald Company,* -- F. Supp. 2nd ---, 2011 WL 3664354, No. CV 10-2007 (C.D. Cal. Apr. 6, 2011).

3. I have also been appointed class counsel in nationwide class actions not involving the TCPA, including *Ryan v. Snackable Media*, 08 CH 31842 (Cook Co., Ill.) and in the multidistrict litigation *In re Kentucky Grilled Chicken Marketing and Practices Litig.*, 09-7670 (N.D. Ill.), which consolidated four class action suits in Illinois, California and Michigan.

4. In addition to my class action experience, I have extensive experience in commercial litigation and large-scale regulatory litigation. I have regularly litigated cases in state and federal trial and appellate courts across the nation, as well as before state regulatory agencies. I have been a member of the Trial Bar of the Northern District of Illinois since 2005, and am admitted to practice before the Seventh and Ninth Circuit Courts of Appeal.

5. Jay Edelson is the managing partner of Edelson McGuire. Mr. Edelson has been appointed lead counsel in numerous state, federal, and international class actions, resulting in the recovery of hundreds of millions of dollars for his clients.

6. Mr. Edelson has regularly been asked to weigh in on federal and state legislation involving his cases, including testifying to the U.S. Senate and advising state and federal politicians on consumer issues relating to the recent federal bailouts and consumer technology, such as those involving mobile marketing and privacy matters.

7. Mr. Edelson has also worked cooperatively with several state attorneys general offices and members of Congress on consumer privacy issues, and has repeatedly been asked to work on federal and state legislation involving cellular telephony, and with state agencies such as the California Public Utilities Commission.

8. Mr. Edelson also speaks regularly about technology class actions and is co-chair of a national symposium on class actions. Additionally, Mr. Edelson serves as an adjunct professor of class actions at Chicago-Kent College of Law, Illinois Institute of Technology.

**Edelson McGuire Specializes in Technology-Related Class Actions.**

9. Edelson McGuire has extensive experience prosecuting class actions related to consumer technology and privacy issues. The Firm specializes in high technology class actions and has its own information technology practice group that focuses on consumer data protection, privacy, and related claims.

10. Edelson McGuire has been at the forefront of technology and privacy class actions generally, successfully prosecuting cases against companies such as Microsoft, Amazon, Facebook, Zynga, AT&T, T-Mobile, and Sears.

11. In a memorandum, opinion, and award, one leading arbitrator explained: "The proof of [the firm's] experience, reputation, and abilities is extraordinary . . . Each [of their cases] elaborates on the experience and unique success [they] have had in achieving leading roles in the area of 'technology consumer protection class actions.'" Arbitration Award, Mobile Content Class Action Settlement (August 6, 2009).

12. Specific to the issues before this Court, Edelson McGuire is one of the few firms in the country that has significant experience litigating TCPA text messaging claims on a class basis. Edelson McGuire (and its predecessor firms) was one of the first firms to litigate the applicability of the TCPA to text messages in *Weinstein, et al. v. The Timberland Company*, No. 06-cv-0454 (N.D. Ill.). Edelson McGuire was co-lead counsel in the seminal case of *Satterfield v. Simon & Schuster, Inc.*, No. 06-cv-2893 (N.D. Cal.), litigating the issues of consent, use of an "automatic telephone dialing system" and whether a text message constitutes a "call" under the TCPA to a published Ninth Circuit opinion.

13. Since the *Satterfield* opinion, Edelson McGuire has continued to advance the privacy interests of consumers against text message spam, litigating several large class action cases under the TCPA and generating significant authority clarifying the rights of consumers. *See, e.g., Lozano*, 702 F. Supp. 2d 999 (N.D. Ill. 2010); *Abbas*, 09 CV 3413, 2009 WL 4884471 (N.D. Ill. Dec. 14, 2009) (extending the *Satterfield* holding that text messages are covered under the TCPA, and upholding the constitutionality of the TCPA on first amendment grounds); *Gomez v. Campbell-Ewald Co.*, CV 10-2007 DMG CWX, 2010 WL 7345680 (C.D. Cal. Nov. 5, 2010) *reconsideration denied*, CV 10-02007 DMG CWX, 2010 WL 7345670 (C.D. Cal. Dec. 9, 2010) (refusing to find exemption for TCPA liability for advertising agency based on presumed immunity of its client); *Kramer,* 759 F. Supp. 2d 1165 (N.D. Cal. 2010) (finding that the wording of "prior express consent" in the TCPA was not constitutionally void for vagueness); *Gomez v. Campbell-Ewald Co,* -- F. Supp. 2nd ---, 2011 WL 3664354, No. CV 10-2007 (C.D. Cal. Apr. 6, 2011) (finding that Rule 68 settlement offer does not moot claim of TCPA class action plaintiff when plaintiff did not have a reasonable opportunity to file class certification motion, and affirming the availability of class action status in suits under the TCPA).

14. In addition to this case, Edelson McGuire is currently prosecuting several class actions alleging violations of the TCPA in district courts throughout the country for similar conduct.

DECLARATION OF MICHAEL J. MCMORROW      3      CASE NO. 3:11-MD-02261

15. Edelson McGuire's attorneys are also among the country's preeminent eDiscovery practitioners, a skill set that will be critical to successfully litigating these matters insofar as the cases involve the electronic maintenance of customer data.

**Edelson McGuire has Actively Devoted Significant Resources to the Prosecution of these Cases and Will Continue to do so in a Cooperative Manner Going Forward.**

16. Edelson McGuire has been investigating the instant claims since the day after the text messages were sent. The Firm's investigation has included interviewing several potential class members, analyzing those consumers' common experiences in light of the Defendants' conduct, and sharing, both on a formal and informal basis, information with other law firms and technology experts.

17. To date, Edelson McGuire has committed significant resources to the successful prosecution of this case and is prepared to devote the resources necessary to advance this litigation through all phases—motion practice, discovery, class certification, and trial. As importantly, the firm has the necessary experience required to strategically implement those resources in an efficient manner that maximizes the likelihood of success for the class.

18. The Firm's expenditure of resources so far includes time spent evaluating the facts giving rise to the claims asserted, as well as those that present potential hurdles to recovery faced by Plaintiff Heuscher and the putative Class.

19. In addition to their continued factual investigation, Edelson McGuire's attorneys have done significant research into the defenses each of the Defendants is likely to raise.

**Edelson McGuire has Made Substantial Efforts to Cooperate and Coordinate With the Other Attorneys in This Matter**

20. Shortly after filing the *Heuscher* case, I and the other attorneys at Edelson McGuire became aware of several similar suits filed in other federal courts. We immediately reached out to the other Plaintiffs' attorneys in this case to discuss case management, expertise, and strategy, and to devise a means of efficiently managing these cases.

21. In a series of discussions and correspondence with Mr. Campion, Mr. Forde, Mr. Swigart, Mr. Cantor and Mr. Grey, we all determined that the most appropriate course of

1  action was to consolidate the cases through the Judicial Panel on Multidistrict Litigation (the
2  "JPML"), and proceed with the cases consolidated into a single class action.

3      22.    Because of my firm's experience with text messaging class actions under the
4  TCPA and the experience of both Mr. Edelson and me before the JPML, Edelson McGuire
5  agreed to prepare and argue the transfer motion in front of the JPML.  I personally prepared the
6  papers and traveled to the JPML hearing in San Francisco on July 28, 2011 to argue the
7  motion.

8      23.    After filing the transfer motion at the JPML, we became aware of the filing of
9  the *Koeller v. Textmarks* case in the Northern District of California.  We discussed the status of
10 the MDL proceeding with plaintiff's counsel in that case – Jordan Lurie of Weiss and Lurie in
11 Los Angeles.  Mr. Lurie agreed that the case strategy and leadership structure already in place
12 promotes efficiency and cooperation amongst the pending actions, and agreed to support this
13 Motion.

14     24.    My firm's efforts to coordinate the efforts in these proceedings has also
15 involved significant discussions with counsel for the defendants.  Following the filing of the
16 transfer motion, Edelson McGuire immediately engaged counsel for Defendants Heartland and
17 Jiffy Lube —White & Case—in a dialogue to discuss the Parties' respective views of the
18 relevant facts, law and overall direction of this litigation.

19     25.    Counsel for Heartland and Jiffy Lube suggested that they agreed that creation of
20 an MDL was the most efficient means of coordinating these actions, and asked that Plaintiffs
21 agree to stay the response dates on the pending cases until the JPML could render its decision.
22 We agreed and coordinated the filing of extensions in each of the pending cases.

23     26.    Although the defendants agreed that creation of an MDL was advisable, they
24 argued in their response to the Motion that the cases should be consolidated in San Diego
25 rather than San Francisco.  We discussed this request with the other plaintiffs' attorneys and
26 agreed to transfer the case to this Court.

27
28

DECLARATION OF MICHAEL J. MCMORROW    5    CASE NO. 3:11-MD-02261

27. Since the posting of the JPML's transfer order on August 8, 2011, we have had further discussions with counsel for Jiffy Lube and Heartland regarding notification of any additional filed cases, Plaintiffs' proposed filing of a Master Consolidated Complaint, and the date for Defendants' response, eventually reaching a stipulation which was entered by the Court on August 26, 2011.

**The Attached Exhibits.**

28. A true and accurate copy of the transcript of the hearing on Plaintiffs' motions for appointment as lead class counsel in the matter styled *In re JPMorgan Chase Home Equity Line of Credit Litig.*, No. 10 C 3647 (N.D. Ill. July 16, 2010) is attached hereto as Exhibit 1-A.

29. A true and accurate copy of the Order granting Motion for Settlement and Attorneys' Fees in the matter styled *In re Pet Food Prod. Liab. Litig.*, MDL Dkt. No. 1850, No. 07-2867 (NLH) (D.N.J. Nov. 18, 2008) is attached hereto as Exhibit 1-B.

30. A true and accurate copy of the Order Appointing Interim Co-Lead Counsel in the matter styled *In re Facebook Privacy Litig.*, No. 5:10-cv-02389-JW (N.D. Cal. Dec. 10, 2010) is attached hereto as Exhibit 1-C.

31. A true and accurate copy of the Order Appointing Interim Co-Lead Counsel in the matter styled *Milans, et al. v. Netflix, Inc.*, No. 11-00379 (N.D. Cal. Aug. 12, 2011) is attached hereto as Exhibit 1-D.

32. A true and accurate copy of the Edelson McGuire LLC Firm Resume is attached hereto as Exhibit 1-E.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this the 23rd day of September, 2011.

By: /s/ Michael J. McMorrow