```
 1                IN THE UNITED STATES DISTRICT COURT
                     NORTHERN DISTRICT OF ILLINOIS
 2                         EASTERN DIVISION

 3
     IN RE JPMORGAN CHASE BANK   )  No. 10 C 3647
 4   HOME EQUITY LINE OF CREDIT  )
     LITIGATION.                 )  Chicago, Illinois
 5                               )  July 16, 2010
                                 )  11:00 a.m.
 6

 7                    TRANSCRIPT OF PROCEEDINGS
              BEFORE THE HONORABLE REBECCA R. PALLMEYER
 8

 9   APPEARANCES:

10   For the Plaintiffs:    MR. JAY EDELSON,
                            MR. EVAN M. MEYERS
11                          MS. IRINA SLAVINA
                            (Edelson McGuire, LLC,
12                           350 North LaSalle Street, Suite 1300,
                             Chicago, Illinois  60654)
13
                            MR. MARVIN A. MILLER
14                          (Miller Law, LLC,
                             115 South LaSalle Street, Suite 2910,
15                           Chicago, Illinois  60603)

16                          MS. JENNIFER PURCELL
                            (Robin Potter & Associates, PC,
17                           111 East Wacker Drive, Suite 2600,
                             Chicago, Illinois 60601)
18
     For the Defendant:     MS. LEANN P. POPE
19                          MR. MICHAEL G. SALEMI
                            (Burke, Warren, MacKay & Serritella, PC,
20                           330 North Wabash Avenue, 22nd Floor,
                             Chicago, Illinois  60611)
21

22

23
                            PATRICK J. MULLEN
24                        Official Court Reporter
                    219 South Dearborn Street, Room 2128,
25                       Chicago, Illinois  60604
                              (312) 435-5565
```

```
 1          THE CLERK:  10 C 3647, In Re J.P. Morgan Chase Bank,
 2  ruling.
 3          MR. MILLER:  Good morning, Your Honor.  Marvin Miller
 4  for Yakas.
 5          MS. PURCELL:  Good morning, Your Honor.  Jennifer
 6  Purcell for plaintiff Hackett for the record.
 7          MR. EDELSON:  Good morning, Your Honor.  Jay Edelson,
 8  Evan Meyers, and Irina Slavina for the proposed interim lead
 9  counsel group.
10          MS. POPE:  Good morning, Your Honor.  LeAnn Pope on
11  behalf of defendant Chase.
12          MR. SALEMI:  Good morning, Your Honor.  Michael
13  Salemi also on behalf of defendant Chase.
14          THE COURT:  Good morning.  I'm happy you're all here.
15  I think I may have intended to issue a ruling today and have
16  you back in on the 30th of July for the Rule 16 conference, but
17  your being here makes it that much easier for me to simply tell
18  you what my ruling is on this issue regarding whether the Yakas
19  plaintiffs' lawyers should be interim lead counsel or whether
20  the Edelson group and the lawyers working with the Edelson
21  group should be interim lead counsel.
22          I've considered your briefs, including the one most
23  recently filed by the Yakas group, and I would observe that the
24  briefs shed not only heat but light on the issues regarding who
25  should be responsible to supervise the case from here until
```

```
 1  class certification and designation of class counsel.
 2          Note that at that point I would want to consider some
 3  additional issues beyond what was presented in these papers,
 4  for example, the proposed fee arrangements, none of which have
 5  been mentioned in these papers and presumably would need to be
 6  addressed when the Court is prepared to appoint class counsel.
 7          At this time, I am prepared to grant the Edelson
 8  lawyers' motion for appointment, and let me just outline some
 9  of the reasons.  I think there can't be much question that the
10  Yakas plaintiffs' lawyers are very well equipped to handle
11  complex class actions on behalf of plaintiffs.  They've
12  demonstrated that ability in numerous cases throughout the
13  nation.  Their efforts and their vigorous advocacy have been
14  praised by many, many judges.  The lawyers in -- the Edelson
15  group lawyers also have fine reputations, and it seems to me
16  that they can certainly handle this case effectively and well.
17          The lawyers in their briefs have argued about which
18  group has made a more impressive showing to date, with the
19  Yakas lawyers arguing that they have demonstrated more
20  commitment to the litigation versus other activities in which
21  the Edelson lawyers have been involved, for example,
22  legislative efforts and other nonlitigation type of hearings.
23  The Edelson lawyers note that they've interviewed 150 potential
24  class members and have considered carefully what the interests
25  of those individuals are vis-a-vis this claim.
```

 1            It seems to me that one distinction between the two
 2   groups is that the Yakas or Robins lawyers have arguably
 3   focused more on litigation and less on these other efforts,
 4   whereas potentially it might be characterized as the Edelson
 5   group's efforts to focus more on what relief would be most
 6   desirable by the class members as opposed to the liability
 7   issues.  But that may be a bit of a facile analysis of what's
 8   gone on.
 9            There has been a debate about whether the class as
10   proposed by the Yakas lawyers is appropriately comprehensive or
11   whether it's sensitive to distinctions within the class.
12   That's something I don't want to hold forth on at this moment,
13   but I know that there are more -- that there are some nine
14   cases at this point, and of those all but one are cases in
15   which the Edelson lawyers are involved either directly or by
16   way of cooperation and meetings with the other lawyers.
17            It's true that the Yakas plaintiffs, as they've
18   pointed out, filed a complaint that survived a motion to
19   dismiss in its entirety.  But as the Edelson lawyers observed,
20   that was only after the initial complaint filed by those same
21   lawyers had been stricken without prejudice to a refiling.
22            The discovery disputes, really, it seems to me they
23   can be looked at in a variety of ways.  I know that one
24   argument is that the plaintiffs in the Yakas cases have been
25   engaged in much more aggressive discovery.  The Edelson people

1  feel that that doesn't mean much because, A, it happened only
2  at such point that the Yakas lawyers believed or recognized
3  that they were going to be denied a leadership role in the
4  case.  Whether that's true or not, the Yakas lawyers point out
5  they have served some discovery initially.
6         Whether that's true or not, it's clear to me that one
7  of the most important issues that I am to consider is whether
8  the lawyers who are designated as interim lead counsel at this
9  point will be vigorous advocates, constructive problem-solvers,
10 and civil with their adversaries, and I'm confident that the
11 Edelson lawyers can do that.
12         I recognize and am sensitive to the concern raised by
13 the lawyers who represent Ms. Yakas that I should be
14 appropriately cautious and suspicious about the preference that
15 may be expressed by defense counsel.  It's very clear to me
16 that a prompt settlement can be in the best interests of the
17 class, no question about that, and indeed one of the reasons
18 that the settlement efforts got off the ground, I'm told in
19 Hackett is that that's one of the requirements that I impose on
20 lawyers.
21         But at the same time, it's also the case, as the
22 Yakas lawyers have pointed out, that a rush to settlement
23 before adequate discovery has been done could be -- could
24 jeopardize the interests of class members whose interests are
25 best served by greater discovery and a more complex and

                                                                              6

 1   detailed understanding of what the appraisal mechanism was that
 2   went on with these home equity lines of credit that are at
 3   issue in this case.
 4           I'm confident that my own involvement in the
 5   supervision of the case will ensure that the plaintiffs are not
 6   sold down the river in return for a quick fee or a rapid
 7   resolution of this case.  Note that at this point I'm not
 8   making a decision about the certification of class counsel
 9   overall.  We're talking about the interim, the interim
10   appointment at this point.
11           One comment I'd like to make, I'm sure it's something
12   you thought of.  It sounds as though there was at least some
13   effort at one point to involve the Yakas lawyers on a
14   two-to-one ratio basis, some kind of a discussion along those
15   lines.  It isn't clear to me from the papers why that fell
16   apart, but I would hope that that's something that the Edelson
17   lawyers will continue to entertain, the possibility of
18   including the Robins lawyers, Mr. Miller, Mr. Landskroner, or
19   one of his colleagues in some fashion, because after all those
20   lawyers do represent Ms. Yakas and she's demonstrated a very
21   significant involvement in the case, including her decision to
22   fly here to Chicago just a couple weeks ago.
23           So that's the Court's ruling.  I will see you on July
24   30th for our Rule 16 conference, and I'm hoping that we'll be
25   able to develop a very comprehensive schedule at that point.

7

```
 1  Obviously to that end, you're going to need to meet ahead of
 2  time and talk things over.
 3           Please do get to me, if at all possible, a couple
 4  days before the conference your proposals regarding scheduling.
 5  To the extent there are disagreements, if you can lay those
 6  out, it would helpful to me in determining how I want to go
 7  forward at the conference.  If it turns out that you're unable
 8  to do that, let me know that as well so I'm not waiting.  All
 9  right?
10           MR. MILLER:  Thank you, Your Honor.
11           MR. EDELSON:  Thank you, Your Honor.
12           MR. PURCELL:  Thank you, Your Honor.
13           MS. POPE:  Thank you, Your Honor.
14      (Proceedings concluded.)
15              C  E  R  T  I  F  I  C  A  T  E
16           I, Patrick J. Mullen, do hereby certify that the
    foregoing is a complete, true, and accurate transcript of the
17  proceedings had in the above-entitled case before the Honorable
    REBECCA R. PALLMEYER, one of the judges of said court in
18  Chicago, Illinois, on July 16, 2010.
19
                                      /s/ Patrick J. Mullen
20
                                 _____
21                                    Official Court Reporter
                                    United States District Court
22                                  Northern District of Illinois
                                         Eastern Division
23

24

25
```