SEAN REIS (SBN 184004)
sreis@edelson.com
EDELSON MCGUIRE, LLP
30021 Tomas Street, Suite 300
Rancho Santa Margarita, California 92688
T: (949) 459-2124
F: (949) 459-2123

JAY EDELSON (admitted *pro hac vice*)
jedelson@edelson.com
MICHAEL J. McMORROW
mjmcmorrow@edelson.com
EDELSON MCGUIRE, LLC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
T: (312) 589-6370
F: (312) 589-6378

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION**

| | |
|---|---|
| IN RE: JIFFY LUBE INTERNATIONAL, INC., TEXT SPAM LITIGATION | Case No. 3:11-md-02261-JM -JMA <br><br> MDL No. 2261 <br><br> Honorable Jeffrey T. Miller <br><br> **MASTER CONSOLIDATED CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTION** |

**MASTER CONSOLIDATED CLASS ACTION
COMPLAINT FOR INJUNCTION AND DAMAGES**

Plaintiffs Rene Heuscher, Joseph Crowl, Lawrence Cushnie, Tramy Duong, Dawn Souder, and Ed Koeller (each a "Plaintiff" and collectively, "Plaintiffs"), bring this master consolidated class action complaint against Defendants Heartland Automotive Services, Inc. ("Heartland") and TextMarks, Inc. ("TextMarks" and collectively, "Defendants") to stop Defendants' practice of making unsolicited text message calls to cellular telephones, and to obtain redress for all persons injured by their conduct. Plaintiffs, for their master consolidated class action complaint, allege as follows upon personal knowledge as to themselves and their own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by their attorneys.

**NATURE OF THE CASE**

1. In a recent effort to promote the sale of its oil change and related automotive services, Heartland, the self-described "largest Jiffy Lube Franchisee in America", engaged TextMarks, a mobile technology company, to conduct an especially pernicious form of marketing: the unauthorized transmission of advertisements in the form of "text message" calls to the cellular telephones of consumers throughout the nation.

2. By effectuating these unauthorized text message calls (hereinafter, "wireless spam"), Defendants have caused consumers actual harm, not only because consumers were subjected to the aggravation that necessarily accompanies wireless spam, but also because consumers frequently have to pay their cell phone service providers for the receipt of such wireless spam.

3. In order to redress these injuries, Plaintiffs, on behalf of themselves and a nationwide class of similarly situated individuals, bring suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("47 U.S.C. § 227"), which prohibits unsolicited voice and text calls to cell phones.

4. On behalf of the class, Plaintiffs seek an injunction requiring Defendants to cease all wireless spam activities and an award of statutory damages to the class members, together

with costs and reasonable attorneys' fees.

## PARTIES

5. Plaintiff Rene Heuscher is, and all times mentioned herein was, an individual citizen and resident of the State of Washington.

6. Plaintiff Lawrence Cushnie is, and all times mentioned herein was, an individual citizen and resident of the State of Washington.

7. Plaintiff Joseph Crowl is, and all times mentioned herein was, an individual citizen and resident of the State of California.

8. Plaintiff Dawn Souder is, and all times mentioned herein was, an individual citizen and resident of the State of California.

9. Plaintiff Tramy Duong is, and all times mentioned herein was, an individual citizen and resident of the State of California.

10. Plaintiff Ed Koeller is, is, and all times mentioned herein was, an individual citizen and resident of the State of Missouri.

11. Defendant Heartland Automotive Service is a Minnesota corporation that maintains its principal place of business at 11308 Davenport Street, Omaha, Nebraska 68154. Heartland operates approximately 435 Jiffy Lube locations throughout the United States, including in California and this District. Heartland is, and all times mentioned herein was, a "person(s)" as defined by 47 U.S.C. §153 (32).

12. Defendant TextMarks is a California corporation that maintains its principal place of business at 2235 Octavia Street, San Francisco, California 94109. It does business throughout the United States, including in California and this District. TextMarks is, and all times mentioned herein was, a "person(s)" as defined by 47 U.S.C. §153 (32).

## JURISDICTION & VENUE

13. As to those actions that originated in this District, the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 (d), because (a) at least one member of the putative class is a citizen of a state different from each Defendant, (b) the amount in controversy exceeds $5,000,000, exclusive of interest and costs, and (c) none of the exceptions under that subsection

1  apply to this action. As to those actions that the Judicial Panel on Multidistrict Litigation
2  ("JPML") transferred to this Court, this Court's jurisdiction is invoked pursuant to 28 U.S.C. §§
3  1332, 1367, and 1407.

4      14.    This Court has personal jurisdiction over the Defendants under Cal. Code Civ.
5  Proc. § 410.10 because certain of the acts alleged herein were committed in California and
6  because the defendants do business in California.

7      15.    As to those actions originally filed in state courts contained within this District,
8  venue properly lies in this District pursuant to 28 U.S.C. § 1391 and 1441(a), because a
9  substantial part of the events or omissions giving rise to such claims occurred in this District,
10 Defendants transact a substantial amount of business in this District, and/or Defendants
11 otherwise have sufficient contacts with this District to justify them being fairly brought into court
12 in this District. As to those actions transferred to this District by the JPML, venue properly lies in
13 this District pursuant to 28 U.S.C. §§ 1391 and 1407.

## COMMON ALLEGATIONS OF FACT

15     16.    In recent years, marketers who have often felt stymied by federal laws limiting
16 solicitation by telephone, facsimile machine, and e-mail have increasingly looked to alternative
17 technologies through which to send bulk solicitations cheaply.

18     17.    One of the newest types of such bulk marketing is to advertise through Short
19 Message Services. The term "Short Message Service" or "SMS" is a messaging system that
20 allows cellular telephone subscribers to use their cellular telephones to send and receive short
21 text messages, usually limited to 160 characters.

22     18.    An "SMS message" is a text message call directed to a wireless device through
23 the use of the telephone number assigned to the device. When an SMS message call is
24 successfully made, the recipient's cell phone rings, alerting him or her that a call is being
25 received. As cellular telephones are inherently mobile and are frequently carried on their
26 owner's person, calls to cellular telephones, including SMS messages, may be received by the
27 called party virtually anywhere worldwide.

28     19.    Unlike more conventional advertisements, wireless spam actually costs its

1  recipients money, because cell phone users must frequently pay their wireless service providers
2  either for each text message call they receive or incur an usage allocation deduction to their text
3  plan, regardless of whether or not the message is authorized.

4      20.    Over the course of an extended period beginning in 2011, Defendants and their
5  agents directed the mass transmission of wireless spam to the cell phones nationwide of what
6  they hoped were potential customers of Defendants Heartland's "Signature Oil Change" service.

7      21.    For instance, on or about April 22, 2011, Plaintiff Heuscher's cell phone rang,
8  indicating that a text call was being received.

9      22.    The "from" field of such transmission was identified cryptically as "72345,"
10 which is an abbreviated telephone number known as an SMS short code licensed and operated by
11 TextMarks and its agents. The body of such text message read:

> JIFFY LUBE CUSTOMERS 1 TIME OFFER:
> REPLY Y TO JOIN OUR ECLUB FOR 45% OFF A
> SIGNATURE SERVICE OIL CHANGE! STOP TO UNSUB
> MSG&DATA RATES MAY APPLY T&C: JIFFYTOS.COM

23. On or about April 22, 2011, Plaintiffs Crowl, Cushnie, Duong, Souder, and Koeller also each received a text message advertisement from Defendants substantially identical to the aforementioned.

24. Defendants' use of an SMS short code enabled Defendants' mass transmission of wireless spam to a list of cellular telephone numbers.

25. At no time did Plaintiffs Huescher, Crowl, Cushnie, Duong, Souder, or Koeller consent to the receipt of the above-referenced message or any other such wireless spam text messages from Defendants.

### CLASS ACTION ALLEGATIONS

26. Plaintiffs bring this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of themselves and a class (the "Class") defined as follows:

> All persons in the United States and its Territories who received one or more unauthorized text message advertisements sent on behalf of Heartland.

27. Defendants and their employees or agents are excluded from the Class.

28. Plaintiffs, on information and belief, allege that the Class members number in the thousands, such that joinder of all members is impracticable.

29. Plaintiffs will fairly and adequately represent and protect the interests of the other members of the Class. Plaintiffs have retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiffs and their counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and have the financial resources to do so. No Plaintiff, nor their counsel, has any interest adverse to those of the other members of the Class or each other.

30. Absent a class action, most members of the Class would find the cost of litigating their claims to be prohibitive, and will have no effective remedy. The class treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants, and promotes consistency and efficiency of adjudication.

31. Defendants have acted and failed to act on grounds generally applicable to the Plaintiffs and the other members of the Class in transmitting the wireless spam at issue, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class.

32. The factual and legal bases of Defendants' liability to Plaintiffs and to the other members of the Class are the same, resulting in injury to Plaintiffs and to all of the other members of the Class as a result of the transmission of the wireless spam alleged herein. Plaintiffs and the other Class members have all suffered harm and damages as a result of Defendants' unlawful and wrongful conduct as a result of the transmission of the wireless spam.

33. There are many questions of law and fact common to the claims of Plaintiffs and the other members of the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include but are not limited to the following:

(a) Does the wireless spam Defendants distributed violate 47 U.S.C. § 227?

  (b)  Are the Class members entitled to treble damages based on the willfulness of Defendants' conduct?

  (c)  Did the conduct described above violate the Class's right to privacy?

**FIRST CLAIM FOR RELIEF**
**(Violation of 47 U.S.C. § 227: On behalf of the Class)**

34. Plaintiffs incorporate by reference the foregoing allegations as if fully set forth herein.

35. Defendants made unsolicited commercial text calls, including the messages referenced in paragraphs 22-23, to the wireless telephone numbers of the Plaintiffs and the Class. Each such text message call was made using equipment that, upon information and belief, had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator. By using such equipment, Defendants were able to effectively send thousands of text messages simultaneously to lists of thousands of wireless phone numbers of consumers without human intervention.

36. These text calls were made *en masse* through the use of a short code and without the prior express consent of the Plaintiffs and the other members of the Class to receive such wireless spam.

37. Defendants have, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Defendants' conduct, the members of the Class suffered actual damages by having to pay their respective wireless carriers for the text messages and, under section 227(b)(3)(B), are each entitled to, *inter alia,* a minimum of $500.00 in damages for each violation of such act, and an injunction to prevent further violations.

38. Because Defendants had knowledge that Plaintiffs and the Class did not consent to the receipt of the aforementioned wireless spam, the Court should, pursuant to section 47 U.S.C. § 227(b)(3)(C), treble the amount of statutory damages recoverable by the Plaintiffs and the other members of the Class.

WHEREFORE, Plaintiffs Rene Heuscher, Joseph Crowl, Lawrence Cushnie, Tramy Duong, Dawn Souder, and Ed Koeller, on behalf of themselves and the Class, pray for the

following relief:

      1.      An order certifying the Class as defined above;

      2.      An award of actual and statutory damages;

      3.      An injunction requiring Defendants to cease all wireless spam activities;

      4.      An award of reasonable attorneys' fees and costs; and

      5.      Such further and other relief the Court deems reasonable and just.

## JURY DEMAND

Plaintiffs request trial by jury of all claims that can be so tried.

Respectfully submitted,

Dated:  September 23, 2011      **RENE HEUSCHER**, individually and on behalf of all others similarly situated,

By:  /s/  Michael J. McMorrow
      One of Plaintiff's Attorneys

(signatures of additional Plaintiffs' Counsel appear on following page)

SEAN P. REIS (sreis@edelson.com) - SBN 184044
EDELSON MCGUIRE, LLP
30021 Tomas Street, Suite 300
Rancho Santa Margarita, California 92688
Telephone: (949) 459-2124
Fax: (949) 459-2123

JAY EDELSON (jedelson@edelson.com)
MICHAEL J. MCMORROW (mjmcmorrow@edelson.com)
EDELSON MCGUIRE, LLC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Telephone: (312) 589-6370
Fax: (312) 589-6378

1

2  By: /s/ Douglas J. Campion                By: /s/ Richard E. Grey

3      Douglas J. Campion                     Richard E. Grey
    Law Offices of Douglas J. Campion        GREY LAW GROUP
4      409 Camino Del Rio South                 409 Camino Del Rio South
    Suite 303                                Suite 303
5      San Diego, CA 92108                      San Diego, CA 92108
    (619) 299-2091 (phone)                   (619) 543-9300 (phone)
6      (619) 858-0034  (fax)                    (619) 543-9307 (fax)

7      *Attorney for Joseph Crowl*               *Attorney for Dawn Souder*

8  By: /s/ Daniel R. Forde                   By: /s/ Joshua B. Swigart

9      Daniel R. Forde                          Joshua B. Swigart
    HOFFMAN & FORDE, ATTYS AT LAW            Robert L. Hyde
10     3033 Fifth Ave.                          HYDE & SWIGART
    Suite 225                                411 Camino Del Rio South
11     San Diego, CA 92103                      Suite 301
    (619) 546-7880 (phone)                   San Diego, CA 92108
12     (619) 546-7881 (fax)                     (619) 233-7770 (phone)
                                             (619) 297-1022 (fax)
13     *Attorney for Tramy Duong*

14                                              *Attorneys for Joseph Crowl*

15 By: /s/ Clifford A. Cantor                By: /s/ Jordan L. Lurie

16     Clifford A. Cantor                       Jordan L. Lurie
    LAW OFFICES OF CLIFFORD A.               WEISS & LURIE
17     CANTOR, P.C.                             10940 Wilshire Blvd.
    627 208th Ave., SE                       Los Angeles, CA 90024
18     Sammamish, WA 98074                      (310) 208-2800 (phone)
    (425) 868-7813 (phone)                   (310) 209-2348 (fax)
19     (425) 868-7870 (fax)
                                             *Attorney for Edward Koeller*
20     *Attorney for Lawrence Cushnie*

21

22

23

24

25

26

27

28

MASTER CONSOLIDATED CLASS ACTION COMPLAINT                           CASE NO. 3:11-MD-02261

## CERTIFICATE OF SERVICE

I, Michael J. McMorrow, an attorney, certify that on September 23, 2011, I served the above and foregoing Master Consolidated Class Action Complaint by causing true and accurate copies of such paper to be filed and transmitted to the persons registered to receive such notice via the Court's CM/ECF electronic filing system.

                                        /s/ Michael J. McMorrow