| | |
|---|---|
| 1 | FERNANDO L. AENLLE-ROCHA (SBN 129515) |
| | RACHEL J. FELDMAN (SBN 246394) |
| 2 | J. JONATHAN HAWK (SBN 254350) |
| | WHITE & CASE LLP |
| 3 | 633 W. Fifth Street, Suite 1900 |
| | Los Angeles, CA  90071-2007 |
| 4 | Telephone:  (213) 620-7700 |
| | Facsimile:   (213) 452-2329 |
| 5 | Email:  faenlle-rocha@whitecase.com |
| | Email:  rfeldman@whitecase.com |
| 6 | Email:  jhawk@whitecase.com |
| 7 | GLENN M. KURTZ (*PRO HAC VICE PENDING*) |
| | KIM HAVIV (*PRO HAC VICE PENDING*) |
| 8 | WHITE & CASE LLP |
| | 1155 Avenue of the Americas |
| 9 | New York, NY 10036-2787 |
| | Telephone:  (212) 819-8200 |
| 10 | Facsimile:  (212) 354-8113 |
| | Email:  gkurtz@whitecase.com |
| 11 | Email:  khaviv@whitecase.com |
| 12 | Attorneys for Defendant |
| | HEARTLAND AUTOMOTIVE SERVICES, INC. |

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: JIFFY LUBE INTERNATIONAL, INC., TEXT SPAM LITIGATION<br><br>This Filing Relates to: ALL CASES | Master Case No. 3:11-MD-02261-JM-JMA<br><br>MDL Case No. 2261<br><br>**DEFENDANT HEARTLAND AUTOMOTIVE SERVICES, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS MASTER CONSOLIDATED COMPLAINT**<br><br>**[Memorandum of Points and Authorities; Request for Judicial Notice; and Declaration of Jeff Mehmood Filed Concurrently]**<br><br>Date:  December 12, 2011<br>Time:  10:00 a.m.<br>Place: Courtroom 4<br><br>Complaint Filed: September 23, 2011<br>Trial Date:         None Set |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that, on December 12, 2011 at 10:00 a.m., or as soon thereafter as counsel may be heard before the Honorable Jeffrey T. Miller, in Courtroom 4 of the above-entitled Court, located in the Edward J. Schwartz U.S. Courthouse, 940 Front Street, San Diego, California 92101, Defendant Heartland Automotive Services, Inc. ("Heartland") will and hereby does move for an order dismissing Plaintiffs' Master Consolidated Class Action Complaint for Damages and Injunction (Dkt. No. 7) (the "Consolidated Complaint").

Heartland makes this motion on numerous grounds.  As an initial matter, dismissal of the Consolidated Complaint is proper pursuant to Federal Rules of Civil Procedure 8(b) and 12(b)(6) because Plaintiffs' allegations are insufficiently pleaded and fail to state a claim upon which relief can be granted.  To plead a claim under the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227, *et seq.* (the "TCPA"), Plaintiffs must properly allege (1) Heartland made the at-issue calls (*i.e.*, sent the text messages), (2) using an auto-dialer, and (3) Plaintiffs were charged for the call.  Plaintiffs, however, fail to plead the first two required elements.

First, Plaintiffs do not and cannot allege that Heartland itself sent a single text message. Nor can Plaintiffs state a claim against Heartland for TextMarks' alleged conduct because they do not allege Heartland instructed TextMarks as to, or retained any control over, the manner in which any text message allegedly was transmitted.

Second, Plaintiffs insufficiently plead the auto-dialer element of their TCPA claim because their conclusory allegations, made on "information and belief," are unsupported by well-pleaded factual allegations that would allow a reasonable inference that the text messages at issue were sent either randomly or sequentially or using equipment that has such capacity.  Because four of the six Plaintiffs are confirmed Heartland customers who specifically released their cellular telephone numbers to Heartland, it is impossible to infer that these Plaintiffs received a text message advertisement through use of a random or sequential auto-dialer.  Moreover, five of the six Plaintiffs fail to plead facts sufficient to allow a reasonable inference that an auto-dialer was used to send them text messages because they do not allege the particular SMS short code or the specific content of the text messages.

Even if Plaintiffs could properly plead a TCPA claim, which they cannot, the Court should dismiss Plaintiffs' claim because an affirmative defense is apparent from the Master Consolidated Complaint and matters appropriate for judicial notice. *In re Shoretel Inc. Sec. Litig.*, 2009 WL 248326, at *5 (N.D. Cal. Feb. 2, 2009). Pursuant to a binding TCPA regulation issued by the Federal Communications Commission ("FCC"), Plaintiffs gave their prior express consent to receive the at-issue text message by releasing their telephone numbers to Heartland. Because Heartland obtained that prior express consent, it cannot be liable.

Heartland also moves to dismiss the Consolidated Complaint on the ground that imposing TCPA liability on Heartland would violate its constitutional rights. First, interpreting the TCPA to regulate all machines with the "capacity" to randomly or sequentially dial numbers, even where that capacity is not used, prohibits far more speech than is necessary to effect Congress' purpose and thus violates Heartland's First Amendment rights. Second, imposing TCPA liability on Heartland would violate its Fifth Amendment right against the imposition of "grossly excessive or arbitrary fines." Plaintiffs seek to recover punitive, statutory penalties from Heartland, ranging from a minimum of $500 per text message to $1,500, which are grossly excessive and disproportionate to the "harm" Plaintiffs or any other putative class member actually suffered.

This motion is based on this Notice of Motion, the concurrently filed Memorandum of Points and Authorities, the Declaration of Jeff Mehmood, the Request for Judicial Notice and accompanying exhibits, the Court's files on this matter, arguments of counsel at the hearing on this motion, and any other matters the Court deems appropriate.

Dated: October 26, 2011

Respectfully submitted,

WHITE & CASE LLP

By: ___/s/ *Fernando L. Aenlle-Rocha*___
      Fernando L. Aenlle-Rocha

Attorneys for Defendant Heartland Automotive Services, Inc.

# DECLARATION OF SERVICE

I, Fernando L. Aenlle-Rocha, declare as follows:

I am employed in the County of Los Angeles in California. I am over the age of eighteen years and am not a party to this action. My business address is 633 West Fifth Street, Suite 1900, Los Angeles, California, 90071. On October 26, 2011, I served the document titled:

**DEFENDANT HEARTLAND AUTOMOTIVE SERVICES, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS MASTER CONSOLIDATED COMPLAINT**

to all named counsel of record via the ECF (Electronic Case Filing) system of the United States District Court for the Southern District of California. All counsel of record are required to be registered e-filers and, as such, are automatically e-served with a copy of the documents upon confirmation of e-filing.

I certify under penalty of perjury under the laws of the state of California and the United States that the foregoing is true and correct.

Dated: October 26, 2011                               \_\_\_\_\_/s/\_ Fernando L. Aenlle-Rocha\_
                                                                            Fernando L. Aenlle-Rocha

1

LOSANGELES 929698 (2K)                                                                 DECLARATION OF SERVICE