JAY EDELSON (*pro hac vice*)
jedelson@edelson.com
MICHAEL J. MCMORROW
mjmcmorrow@edelson.com
EDELSON MCGUIRE, LLC
350 North LaSalle, Suite 1300
Chicago, IL 60654
Telephone: (312) 589-6370
Facsimile: (312) 589-6378

*Interim Class Counsel for Plaintiffs*

Douglas J. Campion
LAW OFFICES OF DOUGLAS J. CAMPION
409 Camino Del Rio South
Suite 303
San Diego, CA 92108
(619) 299-2091 (phone)
(619) 858-0034  (fax)

*Liaison Class Counsel*

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re JIFFY LUBE INTERNATIONNAL, INC. TEXT SPAM LITIGATION<br><br>This filing relates to: ALL CASES | No. 3:11-MD-02261-JM-JMA<br><br>MDL No. 2261<br><br>Assigned to The Hon. Jeffrey T. Miller<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT HEARTLAND AUTOMOTIVE SERVICES, INC.'S REQUEST FOR JUDICIAL NOTICE**<br><br>Date:  December 12, 2011<br>Time: 10:00 a.m.<br>Place: Courtroom 4<br><br>Complaint Filed: September 23, 2011<br>Trial Date: None Scheduled |

## I.      INTRODUCTION

In its 12(b)(6) Motion to Dismiss for Failure to State a Claim, Defendant Heartland Automotive Services, Inc. attempts to rely on documents outside the pleadings that it claims demonstrate Plaintiffs' "prior express consent" to receive text message advertisements from Heartland. Defendant attempts to slip these extraneous documents, which it claims are customer invoices for four of the six named Plaintiffs,[1] into the record through its Request for Judicial Notice (Dkt. 16-10.)  In addition to being a meritless argument,[2] Defendant's reliance on these documents is improper because the Plaintiffs do not reference or rely on these invoices in their Complaint, nor is Heartland's affirmative defense of prior express consent apparent on the face of the Complaint. To the contrary, Plaintiffs allege that they never consented to receive text message advertisements from Heartland.

A request for judicial notice under Fed. R. Evid. 201 and consideration of documents "referenced or relied on" in a plaintiff's complaint involve two distinct legal tests. Heartland's Request fails to acknowledge this distinction and attempts to blur these tests in its Request. Because the invoices fail the Fed. R. Evid. 201 test, and are not referenced or relied upon in the Complaint, they cannot be considered in a 12(b)(6) motion to dismiss. To the extent that the Court wishes to consider these documents, Defendant's Motion should be converted to a Motion for Summary Judgment under Rule 56, and Plaintiffs should be afforded an opportunity to take discovery on the issue. Otherwise, the Defendant's Request for judicial notice as to Exhibits B-F should be denied and the Exhibits should be struck from the record.

## I.      LAW

The well-settled rule is that matters outside the pleadings cannot be considered in a motion brought under Rule 12(b)(6). *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).  As such, a defendant may not seek dismissal under Rule 12(b)(6) if the relief sought is not apparent

---

[1] These documents appear in the record as Dkt.'s 16-12 - 16-16, and are labeled Exhibits B-F to Defendant's Request for Judicial Notice.
[2] *See* Plaintiff's Opposition to Defendant's Motion to Dismiss pgs. 28-33.

Pl.'s Opp. To Def. Req. for Judicial Notice                                                   Case No. 3:11-MD-2261-JM-JMA

on the face of the Complaint. *Nooner v. Norris*, No. 06-cv-110, 2006 WL 4958988, at *4 (E.D. Ar. June 19, 2006) (finding that defendant cannot raise the affirmative defenses of latches and statute of limitations in a 12(b)(6) motion because the allegations of the complaint contradict such a finding.)

There are two exceptions to this general rule. First, and as Heartland notes, "if a plaintiff's claims are predicated upon a document, the defendant may attach the document to his Rule 12(b)(6) motion, even if the plaintiff's claim does not explicitly refer to it," so long as the authenticity of the document is not contested. *In re Wet Seal, Inc. Sec. Litig.*, 518 F. Supp. 2d 1148, 1159 (C.D. Cal. 2007) (citing *Parino v. FHP, Inc.*, 146 F.3d 699, 705-06 n.4 (9th Cir. 1998)). In *Parino*, the court said that a plaintiff's claims are "predicated upon a document" if the documents are "crucial" to the claims. 146 F.3d at 706; *see also Curran v. Amazon.com, Inc.*, No. 07-cv-354, 2008 WL 472433, at *13 (S.D. W. Va. Feb. 19, 2008) (holding that a document outside the pleadings may be considered only when it is "central to [plaintiff's] affirmative case") (citing *Wright Miller*, 5A *Federal Practice and Proc.* § 1327 (2007)); *Hotel Employees and Restaurant Employees Local 2 v. Vista Inn Management Co.*, 393 F. Supp. 2d 972, 979-80 (N.D. Cal. 2005) (stating that the court may take judicial notice of documents outside the complaint when plaintiff "has relied upon [the] documents in framing the complaint").

The second way a document outside the pleadings may be considered is if it is a "matter of public record," and can thus be considered under Fed. R. Evid. 201. *See Lee*, 250 F.3d at 688-89. The general rule of judicial notice under Federal Rule of Evidence 201 is that documents may be considered if they are "generally known" and "capable of accurate and ready determination by sources whose accuracy cannot reasonably be questioned" or, if the document is "generally known within the court's territorial jurisdiction." *Walker v. Woodford*, 454 F. Supp. 2d 1007, 1022 (S.D. Cal. 2006). This rule is meant to apply to sources such as "dictionaries, almanacs, and calendars" and to documents filed in another judicial proceeding. *Id.*

To state a claim under the TCPA, a plaintiff need not allege the absence of "prior express consent" to be called. A plaintiff need only allege that defendant "initiated a unsolicited text message to her cellular phone using an [automatic telephone dialing system]." *Kazemi v. Payless*

*Shoesource, Inc.*, No. 09-cv-5142, 2010 WL 963225, at *2 (N.D. Cal. Mar. 16, 2010). Courts have made clear that the prior express consent exception under the TCPA is an affirmative defense and not an element of the plaintiff's affirmative case. *Grant v. Capital Management Services, L.P.*, 2011 WL 3874877, at *1 n.1. (9th Cir. Sept. 2, 2011)[3] ("express consent is not an element of a TCPA plaintiff's prima facie case, but rather is an affirmative defense for which the defendant bears the burden of proof"); *Adams v. AllianceOne, Inc.*, No. 08-cv-248, 2011 WL 2066617, at *1-2 (S.D. Cal. May 25, 2011) (stating that "prior express consent" is an affirmative defense.)

## III.  ANALYSIS

These documents are clearly not a part of the "public record" and admissible under Fed. R. Evid. 201. They are instead non-public documents that were in Defendant's possession, and are "not capable of accurate and ready determination."[4] Therefore, no amount of factual detail provided by Defendant's declarant will convert these documents into "public records" that are admissible under Fed. R. Evid. 201. *See Lee*, 250 F.3d at 689-690; *Walker*, 454 F. Supp. 2d at 1022 ("judicial notice is under Rule 201 is designed for judicial recognition of scientific or historical fact . . . .").

As such, the only way Heartland can include these invoices in its 12(b)(6) Motion to Dismiss is if Plaintiffs refer to them in their complaint, or if the documents are "central to plaintiff's affirmative case," and the authenticity of the documents is not contested. Plaintiffs cannot stipulate authenticity of the documents attached to Defendant's Request as Exhibits B through F, nothwithstanding the self-serving, untested declaration of Jeff Mehmood.[5] More importantly, nowhere in Plaintiffs' Complaint do they make reference to these invoices. And

---

[3] Although this case is unpublished and the holding (involving removal under CAFA) does not carry precedential weight, citation to it is appropriate under 9th Cir. Rule 36-3(b).

[4] Plaintiff does not dispute Defendant's request for judicial notice as to Exhibits G-Q, as these documents are part of the public record and proper subjects of Judicial Notice under Fed. R. Evid. 201.

[5] Plaintiff has not had an opportunity to determine the authenticity of these documents by, for example, deposing the declarant who presented the documents. In addition, these documents alone, without more background information, present a one-sided view of the evidence of this case.

although Plaintiffs do allege they did not give prior express consent to the receipt of text messages from Heartland[6] (statements that must be taken as true), Plaintiffs' claim does not depend on pleading a lack of prior express consent.

Thus, evidence showing a lack of prior express consent, or documents purporting to represent the existence of such consent, are improper in a 12(b)(6) motion to dismiss. *See Kenneally v. Bank of Nova Scotia*, 711 F. Supp. 2d 1174, 1183 (S.D. Cal. 2010) (holding that when plaintiff's claims do not rely on a document, and when plaintiff alleges the opposite of what the document is purported to represent, judicial notice is improper); *McCullough v. Lennar Corp.*, No. 09-cv-1808, 2009 WL 3805305, at *3 (S.D. Cal. Nov. 10, 2009) (finding that Defendant must take Plaintiff's allegations as true, and document that contradicts plaintiff's well-pleaded allegations will not be considered); *Walker*, 454 F. Supp. 2d at 1022 ("Nor may the court take judicial notice of any matter that is in dispute.").

In *Gordon v. Impulse Marketing Group, Inc.*, 375 F. Supp. 2d 1040 (E.D. Wash. 2005), the court considered a motion to dismiss of plaintiff's claims that defendant violated a Washington state statute that prohibited unauthorized commercial emails. In support of its 12(b)(6) motion, the defendant attempted to attach to its motion exhibits that it contended demonstrated plaintiff's "consent" to receive such emails. *Id.* at 1046. The court declined to consider such documents, holding that the issue of consent was "contested question of fact," and was thus an improper consideration in a 12(b)(6) motion. *Id.* The court also noted that because plaintiff's complaint does not "depend on" such a document, no exception to the general scope of a 12(b)(6) motion applied. *Id.* The same is true in this case. Plaintiffs' claims do not "depend on" the customer invoices presented by Defendant—in fact, Plaintiffs are not required to plead a "lack of prior express consent" to state a claim under the TCPA. And because Plaintiffs contest the question of

---

[6] *See* Pls' Complaint, Dkt. 7, ¶¶ 25, 36.

consent, the documents Heartland attempts to introduce are completely improper at this stage of litigation.[7]

Further, courts hold that documents pertaining to a defendant's affirmative defense cannot be considered in a 12(b)(6) challenge to a plaintiff's complaint. *Herron v. Herron*, 255 F.2d 589, 593-94 (5th Cir. 1958); *Fres v. Duby*, No. 10-cv-609, 2010 WL 4923535 (W.D. Mich. Nov. 29, 2010); *Zielke v. Wausau Memorial Hospital*, 529 F. Supp. 571, 578 (W.D. Wis. 1982). As outlined above, "prior express consent" is an affirmative defense to a claim under the TCPA. Thus, the proper way to raise this defense is in the answer to Plaintiffs' Complaint, not in a 12(b)(6) motion.

The cases cited by Defendant in its Motion to Dismiss in the support of its contention that such documents may be considered are inopposite. (*See* Dkt. 16-1 pp. 10-11.) Two of the cases cited by Heartland establish the unremarkable proposition that when an affirmative defense is apparent from the face of a plaintiff's complaint, defendants may raise it in a 12(b)(6) motion. *See In re Shortel Inc. Sec. Litig.*, No. 08-cv-271, 2009 WL 248326, (N.D. Cal. Feb. 2, 2009); *In re Stanwyck*, 450 B.R. 180 (Bankr. C.D. Cal. 2011).[8] The third, *Green v. DirecTV*, was actually decided on the defendant's motion for summary judgment—the proper vehicle for raising the affirmative defense of consent under the TCPA.[9] No. 10-cv-117, 2010 WL 4628734, at *1 (N.D.

---

[7] Heartland does not even rely on the invoices themselves to show "prior express consent;" rather, it relies upon an <u>implication</u> of "prior express consent" that it contends comes from FCC interpretations of that phrase. The proffered invoices themselves show no consent whatsoever.

[8] *In re Stanwyck* involved a "vexatious litigant" who filed a rambling, 74-page complaint against 37 separate defendants and prayed for damages in excess of 16 *billion* dollars. *In re Stanwyck*, 450 B.R. at 188, 203. The documents the Court took judicial notice of were either documents previously filed in court proceedings or undisputed factual material, such as the name of a judge assigned to a particular case. *Id.* at 194, fns.22, 26; 203, n. 45. Unlike this case, the authenticity of the documents was not in question, and the documents are of the type that are properly judicially noticed under Fed. R. Evid. 201.

[9] In Defendant's Request for Judicial Notice, it also cites to *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003), for the proposition that "a court is not required to accept as true conclusory allegations contradicted by documents properly judicially noticed." (Dkt. 16-10 p. 3.) This citation is grossly misleading as that case involved a motion to dismiss for lack of jurisdiction under Rule 12(b)(1) where extrinsic evidence *is* admissible. 328 F.3d at 1139. The court in *Warren* did not even discuss judicial notice and repeated the proper rule—that "[courts]
(footnote continued)

Ill. Nov. 8, 2010). In *In re Shortel*, the court did not even consider documents outside the pleadings, and instead held that when an affirmative defense is apparent on the face of the complaint, it is a proper subject of a 12(b)(6) motion to dismiss. 2009 WL 248326, at *5-6. In that case, the court found that the plaintiff's allegations alone supported the defendant's affirmative defense. *Id.* at *5.

Here, Plaintiffs specifically plead that they did *not* consent to receive text messages from Defendant. (Dkt. 7, ¶¶ 25, 36.) As such, the affirmative defense of consent does not appear on the face of the complaint, and it improper to raise it at this juncture using documents outside the pleadings. Heartland's citations to the contrary are a misleading combination of caselaw that attempts to create a legal rule that does not exist.

**IV.   CONCLUSION**

Simply put, Defendant attempts to contradict the factual allegations in Plaintiffs' Complaint through the use of extrinsic evidence. This attempt is improper in a Rule 12(b)(6) motion to dismiss, and the court should decline to consider these documents. Not only does plaintiff contest the authenticity of these documents, and the propositions for which they stand, but Plaintiffs do not reference or rely on these documents in their Complaint.

For the foregoing reasons, Plaintiffs respectfully request that this court decline to take judicial notice of Exhibits B through F attached to Defendant's Request, strike those documents from the Declaration of Jeff Mehmood, and grant whatever further relief this Court deems equitable and just.

---

are not require[d] to accept as true conclusory allegations which are contradicted by documents referred to in the complaint." *Id.*

| | |
|---|---|
| Dated: November 22, 2011 | Respectfully Submitted, |
| | **RENE HUESCHER**, **LAWRENCE CUSHNIE, JOSEPH CROWL, DAWN SOUDER, TRAMY DUONG & ED KOELLER,** individually and on behalf of a class of similarly situated individuals |
| | By:  /s/ Michael J. McMorrow |
| | [Attorney for Plaintiffs] |

JAY EDELSON (*pro hac vice*)
jedelson@edelson.com
MICHAEL J. MCMORROW
mjmcmorrow@edelson.com
EDELSON MCGUIRE, LLC
350 North LaSalle, Suite 1300
Chicago, IL 60654
Telephone: (312) 589-6370
Facsimile: (312) 589-6378

*Interim Class Counsel for Plaintiffs*

Douglas J. Campion
LAW OFFICES OF DOUGLAS J. CAMPION
409 Camino Del Rio South
Suite 303
San Diego, CA 92108
(619) 299-2091 (phone)
(619) 858-0034  (fax)

*Liaison Class Counsel*

## CERTIFICATE OF SERVICE

I, Michael J. McMorrow, an attorney, certify that on November 22, 2011, I served the above and foregoing ***Plaintiffs' Opposition to Defendant Heartland Automotive Services, Inc.'s Request for Judicial Notice*** by causing true and accurate copies of such paper to be filed and transmitted to the persons registered to receive such notice via the Court's CM/ECF electronic filing system.

    /s/  Michael J. McMorrow