# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re JIFFY LUBE INTERNATIONAL, INC. TEXT SPAM LITIGATION<br><br>This filing relates to: ALL CASES. | Case No.: 3:11-MD-2261-JM (JMA)<br><br>**ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT AND PROVIDING FOR NOTICE** |

WHEREAS, this action is pending before this court as a class action, Case No. 3:11-MD-2261-JM (JMA) (the "Action"); and

WHEREAS, the plaintiff has moved this court for an order preliminarily approving the settlement of the Action in accordance with the Class Action Settlement Agreement ("Settlement"), which, together with the attached exhibits, set forth the terms and conditions for the proposed settlement of the Action; and

WHEREAS, the court, having read and considered the Settlement and attached exhibits;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. Based upon the court's review of the Settlement, the supporting briefs and declarations, and the entire record, Plaintiffs' Motion for Preliminary Approval of Settlement is GRANTED with modifications.

2. This order incorporates by reference the definitions in the Settlement, and all terms defined therein shall have the same meaning in this order as set forth in the Settlement.

3. The court hereby conditionally certifies the following class for settlement purposes only (the "Settling Class"):

1

All persons or entities in the United States and its Territories who in April 2011 were sent a text message from short codes 72345 or 41411 promoting Jiffy Lube containing language similar to the following:

JIFFY LUBE CUSTOMERS 1 TIME OFFER: REPLY Y TO JOIN OUR ECLUB FOR 45% OFF A SIGNATURE SERVICE OIL CHANGE! STOP TO UNSUB MSG&DATA RATES MAY APPLY T&C: JIFFYTOS.COM.

4. Based upon the court's review of the Settlement, the supporting briefs and declarations, and the entire record, the Action presents common issues of law and fact, plaintiffs Joseph Crowl, Lawrence Cushnie, Tramy Duong, Rene Heuscher, Edward Koeller, Dawn Souder, and Jacob Barr are found to be an adequate representative of the Class, and their claims are found to be typical of the other members of the Settling Class ("Class Members"). The following attorneys are hereby appointed and designated as counsel for the Plaintiff and the Class ("Class Counsel"):

> JAY EDELSON, Lead Class Counsel
> Edelson McGuire, LLC
> 350 North LaSalle Street, Suite 1300
> Chicago, IL 60654
> Telephone: (312) 589-6370
> Facsimile: (312) 589-6378
>
> MICHAEL J. MCMORROW, Lead Class Counsel
> Smith & McMorrow, P.C.
> 53 West Jackson Boulevard, Suite 1018
> Chicago, IL 60604
> Telephone: (312) 546-6139
> Facsimile: (888) 664-8172
>
> DOUGLAS J. CAMPION, Liaison Counsel
> Law Offices of Douglas J. Campion
> 409 Camino Del Rio South, Suite 303
> San Diego, CA 92108
> Telephone: (619) 299-2091
> Facsimile: (619) 858-0034

5. Class Counsel is authorized to act on behalf of Class Members with respect to all acts or consents required by, or which may be given under the Settlement, and such other acts

1  reasonably necessary to consummate the Settlement.  Any Class Member may enter an appearance
2  through counsel of such Class Member's own choosing and at such Class Member's own expense.
3  Any Class Member who does not enter an appearance or appear on his or her own will be
4  represented by Class Counsel.

5        6.  The court preliminarily approves the Settlement,[1] including Injunctive Relief, the
6  Certificates, Class Counsel Fees and Expenses Payment, and the Class Representative Incentive
7  Award.  The court finds that, on a preliminary basis, the Total Goods/Services Value, as defined in
8  the Settlement, appears to be within the range of reasonableness of a settlement that could
9  ultimately be given final approval by this court.  The court has reviewed the recovery that is being
10 provided as part of the Settlement and recognizes the significant value to the Class of that
11 recovery.  The court has reviewed the relevant facts and law, including, but not limited to, all
12 previous pleadings filed in this Action and the papers and declarations submitted by the Parties in
13 support of preliminary approval.  It appears to the court on a preliminary basis that the Total
14 Goods/Services Value, as defined in the Settlement, is fair, adequate, and reasonable as to all
15 potential Class Members when balanced against the cost and uncertainty associated with further
16 litigation of liability and damages issues.  It further appears that extensive investigation and
17 research have been conducted such that counsel for the Parties at this time are able to reasonably
18 evaluate their respective positions.  Moreover, it appears to the court that settlement of this Action
19 at this time will avoid substantial additional costs by all Parties, as well as the delay and risks that
20 would be presented by the further prosecution of the Action.  It also appears that the Settlement has
21 been reached as the result of intensive, serious, and non-collusive arms-length negotiations.

22       7.  A hearing (the "Final Approval Hearing") shall be held before this court on
23 Monday, February 4, 2013, at 10:00 a.m. at the United States District Court for the Southern
24 District of California, 940 Front Street, San Diego, CA 92101, in Courtroom 16 to determine all

---

[1] While the Settlement is generally satisfactory, the court identified one substantive error contained on pages 10 and 15 of the agreement in Sections 2.2(d) and 5.2.  Both page 10 and page 15 contain references to "Section 5.1" that should actually refer to Section 5.  Both references to Section 5.1 will be changed to "Section 5" on pages 10 and 15 in Sections 2.2(d) and 5.2.

necessary matters concerning the Settlement, including: whether the proposed Settlement of the Action on the terms and conditions provided for in the Settlement is fair, adequate, and reasonable and should be finally approved by the court; whether a Judgment, as provided in the Settlement, should be entered herein; whether the proposed allocation and distribution of the Total Goods/Services Value contained in the Settlement should be approved as fair, adequate and reasonable to the Class Members; and to finally approve the Class Counsel Fees and Expenses Payment and the Class Representative Payment.

8. The court approves, as to form and content, the Notice Plan and all forms of Notice to the Settlement Class as set forth in the Settlement and Exhibits B, C, and D thereto, including the updated direct mail notice filed with the Court on October 4, 2012 [Dkt. No. 81, Exhibit B], with the following modifications. Consistent with paragraphs 2.2 through 2.4 of the Settlement, within twenty-one (21) days of Preliminary Approval, the Settlement Administrator shall cause to be sent via U.S. Mail the Mailed Notice substantially in the form of Exhibit B to the Settlement to each address appearing on the Settlement Class List. Defendants shall also comply with the requirements of 28 U.S.C. § 1715. The court finds that the distribution of the Notice and Claim Form substantially with the requirements of the Federal Rules of Civil Procedure in the manner and form set forth in the Settlement. This notice plan satisfies due process requirements, is the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all Class Members.

9. The court appoints Epiq Class Action & Claims Solution as Settlement Administrator and directs the Settlement Administrator to mail to Class Members one Certificate by first-class mail within twenty-one (21) days after the entry of this Preliminary Approval order under the procedures set forth in the Settlement. Class Members are not required to complete any claim or form to receive a Certificate. Within ten (10) days of the Preliminary Approval, the Settlement Administrator will also confirm that Notice has been provided on a website at www.HeartlandTextSettlement.com and that a toll-free telephone number consistent with paragraph 4.3 of the Settlement has been established. Within twenty-one (21) days of the

1  Preliminary Approval, Heartland will also place a display sign substantially in the form of Exhibit
2  D in each of its franchises, directing customers to the settlement website and toll-free telephone
3  number.

4        10.     Any Class Member may choose to opt out of and be excluded from the Settlement
5  as provided in the Certificate by following the instructions for requesting exclusion from the
6  Settlement that are set forth in the Certificate and Settlement.  All written requests for exclusion
7  must be submitted as provided in the Certificate and Settlement.  Any such person who chooses to
8  opt out of and be excluded from the Settlement will not be entitled to any recovery under the
9  Settlement, including receipt of a Certificate, and will not be bound by the Settlement or have any
10 right to object, appeal or comment thereon.  Any written request to be excluded from the
11 Settlement must be express and signed by each such person.  Individuals in the Class who have not
12 requested exclusion shall be bound by all determinations of the court, the Settlement, and any
13 Judgment that may be entered thereon.

14       11.     Any Participating Class Member may appear at the Final Approval Hearing and
15 object to the Settlement ("Objectors").  Objectors may present evidence and file briefs or other
16 papers that may be proper and relevant to the issues to be heard and determined by the court as
17 provided in the Notice.  To be valid, the papers must be filed with the Clerk of this court and
18 received by all Class Counsel and defense counsel[2] on or before 45 days after the original date of
19 mailing of the Certificates, or December 17, 2012.  No Class Member or any other person shall be
20 heard or entitled to object, and no papers or briefs submitted by any such person shall be received
21 or considered by the court, unless on or before 45 days after the original date of mailing of the
22 Certificates, that person has served by hand or by first-class mail written objections and copies of
23 any papers and briefs in support of their position and verification of their membership in the Class
24 upon Class Counsel and Counsel for Defendant, and filed the objections, papers and briefs with the
25 Clerk of this court.  Any Participating Class Member who does not object in the manner provided

---

[2] Objectors should mail objections to Defense Counsel at the following addresses: Counsel for Heartland Glenn M. Kurtz and Kimberly A. Haviv, White & Case LLP, 1155 Avenue of the Americas, New York, NY 10036; and Counsel for Textmarks, Brian D. Buckley, Fenwick & West LLP, 1191 Second Avenue, 10th Floor, Seattle, WA 98101.

5

for in this order shall be deemed to have waived such objection and shall forever be foreclosed from objecting to the Settlement.

12.     All papers in support of the Settlement shall be filed with the court and served on the Parties' Counsel no later than November 19, 2012, or twenty-eight (28) court days before the Objection/Exclusion deadline of December 17, 2012.

13.     To the extent permitted by law, pending final determination as to whether the Settlement should be approved, any individuals within the Class, whether directly, representatively, or in any other capacity, whether or not such persons have appeared in the Action, shall not institute or prosecute against Defendant any claims to be resolved through this Settlement. The court incorporates by reference and preliminarily approves the release of claims set forth in Section 3 of the Settlement.

14.     As of the date this order is signed, all dates and deadlines associated with the Action shall be stayed, other than those related to the administration of the Settlement of the Action.

15.     If the Settlement does not become effective in accordance with the terms of and as defined in the Settlement, or if the Settlement is not finally approved by the court, or is terminated, canceled or fails to become effective for any reason, this order shall be rendered null and void and shall be vacated, and the Parties shall revert to their respective positions as of before entering into the Settlement.  Accordingly, if the Settlement does not become effective for any reason:  (i) the Settlement shall be null and void, including any provision related to the award of attorneys' fees, and shall have no further force and effect with respect to any Party in this Action, and shall not be used in this Action or in any other proceeding for any purpose; (ii) all negotiations, proceedings, documents prepared, and statements made in connection therewith shall be without prejudice to any person or Party hereto, shall not be deemed or construed to be an admission by any Party of any act, matter, or proposition, and shall not be used in any manner or for any purpose in any subsequent proceeding in this Action or in any other action in any court or other proceeding, provided, however, that the termination of the Settlement shall not shield from subsequent discovery any factual information provided in connection with the negotiation of this Settlement

that would ordinarily be discoverable but for the attempted settlement; (iii) other than as expressly preserved by the Settlement in the event of its termination, the Settlement shall have no further force and effect with respect to any Party and shall not be used in the Action or any other proceeding for any purpose; and (iv) any Party may elect to move the Court pursuant to the provisions of this paragraph, and none of the non-moving Parties (or their counsel) shall oppose any such motion.

16. The court reserves the right to adjourn or continue the date of the Final Approval Hearing and all dates provided for in the Settlement without further notice to Class Members, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

17. The court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement until Judgment has been entered.

18. In accordance with the terms of the Settlement, the court hereby adopts the following dates for performance of the specified activities:

| | |
|---|---|
| October 20, 2012 (10 days after preliminary approval) | Deadline for the settlement administration to confirm the establishment of a toll-free telephone number that will include a recorded message of Exhibit D. |
| October 20, 2012 (10 days after preliminary approval) | Deadline for Defendant to confirm that Notice has been provided on the website: www.HeartlandTextSettlement.com. |
| October 31, 2012 (21 days after preliminary approval) | Deadline for Settlement Administrator to mail the Class Notice to all Class Members. |
| October 31, 2012 (21 days after preliminary approval) | Deadline for Defendant Heartland to cause a sign substantially in the form of Exhibit D to be placed in each of its Jiffy Lube franchises. |
| November 19, 2012 (28 days prior to Objection/Exclusion deadline) | Parties will file all papers in support of the Settlement with the court. |

| | |
|---|---|
| December 17, 2012<br><br>(45 days after mailing of Class Notice) | Last day for Class Members to submit written objections to Settlement and any notice of intent to appear at Final Approval Hearing. |
| December 17, 2012<br><br>(45 days after mailing of Class Notice) | Last day for eligible Class Members to submit requests to be excluded from the Settlement. |
| December 30, 2012<br><br>(60 days after mailing of Class Notice) | Parties shall jointly request Final Approval from the court. |
| January 18, 2013<br><br>(15 days prior to Final Approval hearing) | Last day for filing of any written opposition to Motion for Final Approval of Settlement and/or to Plaintiffs' request for attorneys' fees, costs, and Class Representative payment. |
| February 4, 2013 | Final Approval Hearing. |
| To Be Determined<br><br>(21 days after Effective Date) | Heartland shall cause one certificate to be mailed to each address appearing on the Settlement Class list. |
| To Be Determined<br><br>(18 months after mailing of Class Notice and ending 90 days thereafter) | Any Certificate that has not been redeemed for goods and/or services as described in Settlement Section 2.3(b) may, at the Certificate holder's election, be redeemed for the Certificate Cash Amount set described in Settlement Section 2.3(c) during this period. |

**IT IS SO ORDERED**.

DATED: October 10, 2012

_____
Hon. Jeffrey T. Miller
United States District Judge