UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re JIFFY LUBE INTERNATIONAL, INC. TEXT SPAM LITIGATION | Case No.: 3:11-MD-2261-JM (JMA)<br><br>FINAL APPROVAL OF CLASS ACTION AND ORDER OF DISMISSAL WITH PREJUDICE |

Pending before the Court are Plaintiffs' Motion for Final Approval of Class Action Settlement (Dkt. 90) and Plaintiffs' Motion for Approval of Attorneys' Fees and Expenses and Class Representative Incentive Awards (Dkt. 86) (collectively, the "Motions"). The Court, having reviewed the papers filed in support of the Motions, having heard argument of counsel, and finding good cause appearing therein, hereby GRANTS Plaintiffs' Motions and it is hereby ORDERED, ADJUDGED, and DECREED THAT:

 1. Terms and phrases in this Order shall have the same meaning as ascribed to them in the Parties' August 1, 2012 Class Action Settlement Agreement, as amended by the First Amendment to Class Action Settlement Agreement as of September 28, 2012 (the "Settlement Agreement").

 2. This Court has jurisdiction over the subject matter of this action and over all Parties to the Action, including all Settlement Class Members.

3. On October 10, 2012, this Court granted Preliminary Approval of the Settlement Agreement and preliminarily certified a settlement class consisting of:

> All persons or entities in the United States and its Territories who in April 2011 were sent a text message from short codes 72345 or 41411 promoting Jiffy Lube containing language similar to the following:
>
> JIFFY LUBE CUSTOMERS 1 TIME OFFER: REPLY Y TO JOIN OUR ECLUB FOR 45% OFF A SIGNATURE SERVICE OIL CHANGE! STOP TO UNSUB MSG&DATA RATES MAY APPLY T&C: JIFFYTOS.COM.

(Dkt. 85 at 3.)

4. Excluded from the Settlement Class are those persons who have submitted valid and timely requests for exclusion pursuant to the Preliminary Approval Order and the Notice to the Settlement Class. Valid and timely requests for exclusion were received from the persons listed on Appendix 1 attached hereto and incorporated into this Final Judgment. Those persons listed on Appendix 1 are found to have validly excluded themselves from the Settlement in accordance with the provisions of the Preliminary Approval Order, and are not bound by this Final Judgment or the Releases herein.

5. The Court finds that the Notice and the Notice Plan implemented pursuant to the Settlement Agreement and the Preliminary Approval Order of October 10, 2012 and consisting of individual notice via first-class U.S. Mail postcard, internet publication on the interactive settlement website, a toll-free phone number to field inquiries by Settlement Class Members, and in-store signage directing Settlement Class Members to the settlement website and toll-free phone number, has been successfully implemented and was the best notice practicable under the circumstances and: (1) constituted notice that was reasonably calculated, under the circumstances, to apprise the Settlement Class Members of the pendency of the Action, their right to object to or to exclude themselves from the Settle-ment Agreement, and their right to appear at the Fairness Hearing; (2) was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to receive notice;

and (3) met all applicable requirements of the Federal Rules of Civil Procedure, the Due Process Clause, and the rules of the Court.

6. The Court finds that Defendants properly and timely notified the appropriate state and federal officials of the Settlement Agreement, pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715. The Court has reviewed the substance of Defendants' notice and accompanying materials, and finds that they complied with all applicable requirements of CAFA.

7. This Court now affirms certification of the Settlement Class for settlement purposes only, gives final approval to the Settlement, and finds that the Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Settlement Class. The settlement consideration provided under the Settlement Agreement constitutes fair value given in exchange for the release of the Released Claims against the Released Parties. The Court finds that the consideration to be paid to members of the Settlement Class is reasonable, considering the facts and circumstances of the numerous types of claims and affirmative defenses asserted in the Action, and the potential risks and likelihood of success of alternatively pursuing trials on the merits. The complex legal and factual posture of this case, and the fact that the Settlement is the result of arms' length negotiations between the Parties, including negotiations presided over by the Honorable Magistrate Judge Jan M. Adler, support this finding.

8. The Court finds that the Class Representatives and Class Counsel adequately represented the Settlement Class for purposes of litigation of this matter and entering into and implementing the Settlement Agreement. Accordingly, the Settlement is hereby finally approved in all respects, and the Parties are hereby directed to implement the Settlement according to its terms and provisions. The Settlement Agreement is hereby incorporated into this Order in full and shall have the full force of an Order of this Court.

9. The requirements of Rule 23(a) and (b)(3) have been satisfied for settlement purposes only, for the reasons set forth herein. The Settlement Class is so numerous that joinder of all members is impracticable; there are at least some questions of law or fact

common to the class; the claims do fairly and adequately protect the interests of the class; the questions of law or fact common to class members predominate over any questions affecting only individual members; and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy between the Class Representatives and Defendants.

10. The appointment of Class Counsel and Liaison Class Counsel are hereby confirmed. Class Counsel and Liaison Class Counsel are found to be experienced in class litigation, including litigation of similar claims in other cases, and have fairly and adequately represented the interests of the Settlement Class in the Action and the Settlement.

11. This Court hereby dismisses the Action, comprised of the seven actions identified in the Settlement Agreement, on the merits and with prejudice, without fees or costs to any of the Parties except as expressly provided herein.

12. Upon the Effective Date of this Order, Plaintiffs and each and every Settlement Class Member who did not timely and validly opt out of the Settlement Class, and any Person claiming by or through any Plaintiff or any Settlement Class Member as his, her, or its spouse, marital community, parent, child, heir, associate, co-owner, attorney, agent, administrator, devisee, predecessor, successor, assignee, representative of any kind, shareholder, partner, director, employee, or affiliate, whether or not he, she or it receives any Settlement Benefits, shall fully, finally, completely and forever, release, acquit and discharge Heartland, TextMarks, Jiffy Lube, and Oil Express as well as any other entity in which Heartland, TextMarks, Jiffy Lube, and/or Oil Express has a controlling interest, to which they are related, or with which they are affiliated, and any and all of any such entities' present, past, or future heirs, executors, estates, administrators, predecessors, successors, assigns, parent entities, subsidiaries, franchises, associates, affiliates, employers, employees, agents, consultants, independent contractors, insurers, directors, managing directors, officers, partners, principals, shareholders, members, attorneys, accountants, financial and other advisors, investment bankers, underwriters, lenders, auditors, invest-

ment advisors, legal representatives, and/or successors in interest, from any and all claims, demands, liabilities, duties, rights, obligations, or causes of action whatsoever belonging to any of the Releasing Parties, pursuant to the TCPA, the CPA, the CEMA, or other federal, state, local, statutory, or common law, or any other law, rule, or regulation, related to, arising out of, or in any way connected to the alleged transmission of the Text Message, whether or not such claims were or could have been asserted in the Action, including claims sounding in law or in equity, whether accrued or unaccrued, suspected or unsuspected, known or unknown, direct or derivative, and including Unknown Claims as that term is defined in the Settlement Agreement.

13.   Additionally, Defendants Heartland and TextMarks, on behalf of themselves and their respective present, past, or future predecessors, successors, assigns, parent entities, subsidiaries, franchises, affiliates, directors, officers, employees, and agents, hereby release and forever discharge each other from any and all claims, demands, liabilities, duties, rights, obligations, or causes of action whatsoever, including Unknown Claims, related in any way to the Action or the Text Message, including without limitation claims for defense, indemnification, contribution, comparative fault, reimbursement, or offset.

14.   Upon the Effective Date, the above release of claims and the Settlement Agreement will be binding on, and will have *res judicata* and preclusive effect on, all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiffs and all other Settlement Class Members, Releasing Parties, and their heirs, executors, and administrators, successors, and assigns. All Settlement Class Members who have not been properly excluded from the Settlement Class are hereby permanently barred and enjoined from filing, commencing, prosecuting, intervening in, or participating (as class members or otherwise) in any lawsuit or other action in any jurisdiction based on or arising out of the Released Claims.

Pursuant to Section 2.1 of the Settlement Agreement, Defendant Heartland, as of the Effective Date, is hereby enjoined from sending or directing the sending of any marketing

text message to any Person without first obtaining that Person's prior express consent, as that term is defined in Section 2.1(a) of the Settlement Agreement.  Additionally, Heartland shall keep documented proof of all such prior express consent received from such Persons for a period of two years after said consent is obtained. Heartland is also permitted to send or direct the sending of marketing text messages in a manner consistent with applicable laws as such laws may exist from time to time. Defendant Heartland is hereby ordered to implement and comply with Section 2.1 of the Settlement Agreement regarding the injunctive relief made available to the Settlement Class Members.

15. Pursuant to Section 2.1 of the Settlement Agreement, Defendant TextMarks, as of the Effective Date, is hereby enjoined from sending any marketing text message to any Person without first obtaining that Person's prior express consent, as that term is defined in Section 2.1(b) of the Settlement Agreement, or an express representation from TextMark's client(s) that such consent was obtained. Additionally, TextMarks shall keep documented proof of all prior express consent received from such Persons, or the express representation of TextMarks' client(s) that such consent was obtained, for a period of two years after said consent is obtained.  TextMarks is entitled to rely upon express representations by its clients that prior express consent has been obtained. TextMarks is also permitted to send or direct the sending of marketing text messages in a manner consistent with applicable laws as such laws may exist from time to time. Defendant TextMarks is hereby ordered to implement and comply with Section 2.1 of the Settlement Agreement regarding the injunctive relief made available to the Settlement Class Members.

16. Pursuant to Section 2.1 of the Settlement Agreement, Defendant TextMarks, as of the Effective Date, is hereby enjoined from sending any marketing text message to any Person without first obtaining that Person's prior express consent, as that term is defined in Section 2.1(b) of the Settlement Agreement, or an express representation from TextMarks' client(s) that such consent was obtained. Additionally, TextMarks shall keep documented proof of all prior express consent received from such Persons, or the express representation of TextMarks' client(s) that such consent was obtained, for a period of two

years after said consent is obtained. TextMarks is entitled to rely upon express representations by its clients that prior express consent has been obtained. TextMarks is also permitted to send or direct the sending of marketing text messages in a manner consistent with applicable laws as such laws may exist from time to time. Defendant TextMarks is hereby ordered to implement and comply with Section 2.1 of the Settlement Agreement regarding the injunctive relief made available to the Settlement Class Members.

17.     The Court approves the agreed-upon Fee Award to Class Counsel. The Court hereby awards to Class Counsel 366,230 Certificates, yielding an aggregate cash value of $4,750,000, as attorneys' fees and costs. In this Circuit, a 25 percent fee is the accepted "benchmark" in common fund cases. See Vizcaino v. Microsoft Corp., 290 F.3d 1043, 1048-50 (9th Cir. 2002). In assessing the Fee Award, the Court has considered the results achieved in this litigation, the risks of litigation, the skill required of Class Counsel and the quality of their work, the contingent nature of the fee and the financial burden carried by the Plaintiffs, and awards made in similar cases. In light of these factors, the Court finds this Fee Award to be fair and reasonable, given that it represents approximately 13.51% of the total common financial benefit to the Class of the Certificates, exclusive of the value of the injunctive relief contained in the Settlement Agreement and exclusive of the costs of settlement administration and of mailing Notice, which were paid for by Heartland. The Court additionally finds this amount to be fair and reasonable based upon a lodestar cross check. Class Counsel provided the Court with documentation and sworn declarations supporting a lodestar of $1,325,490.25 as of November 19, 2012, based on an expenditure of 2,292.67 hours investigating, litigating and resolving this case. Additionally, Class Counsel set forth the experience of each attorney working on the case and his or her corresponding billable rate. The Court finds the rates charged to be appropriate and reasonable in light of the experience of each attorney and that the hourly rates are in line with comparable market rates. The Court finds the hours expended to be reasonable when compared with the time and effort put forth by Class Counsel and supporting counsel in investigating, litigating, and resolving this case, as well as in light of the results achieved

for the Settlement Class in terms of both monetary and injunctive relief. Accordingly, the overall lodestar of $1,325,490.25, when enhanced by a multiplier of 3.58, which the Court finds reasonable and proper in light of the benefits to the Class, lodestars applied in other similar matters, and the factors set forth in <u>Kerr v. Screen Extras Guild, Inc</u>., 526 F.2d 67 (9th Cir. 1975), provides a reasonable lodestar cross-check in awarding Class Counsel's Fee Award of 366,230 Certificates, yielding an aggregate cash value of $4,750,000.00. Class Counsel's total Fee Award is inclusive of $13,582.02 in costs as of November 19, 2012, which is likewise reasonable based on the documentation and sworn declarations submitted.

18. Defendants shall pay the Fee Award pursuant to and in the manner provided by the terms of the Settlement Agreement.

19. The Court approves the agreed Incentive Award of $5,000.00, or 386 Certificates with the equivalent cash value of $5,000.00, to each Class Representative—Joseph Crowl, Lawrence Cushnie, Tramy Duong, Rene Heuscher, Edward Koeller, Dawn Souder, and Jacob Barr—as an Incentive Award for their roles as Class Representatives. The Court finds this Incentive Award to be reasonable in light of the Class Representatives' willingness and efforts with respect to taking on the risks of litigation and helping achieve the results to be made available to the Settlement Class. Such payment shall be made pursuant to and in the manner provided by the terms of the Settlement Agreement.

20. Except as otherwise set forth in this Order, the Parties shall bear their own costs and attorneys' fees.

21. This Court hereby directs entry of this Final Judgment based upon the Court's finding that there is no just reason for delay of enforcement or appeal of this Final Judgment notwithstanding the Court's retention of jurisdiction to oversee implementation and enforcement of the Settlement Agreement.

22. Neither this Final Judgment and order of dismissal with prejudice, the Settlement Agreement, the settlement that it reflects, nor any act, statement, document, or proceeding relating to the Settlement:

(a) is, may be deemed, or shall be used, offered, or received against Defendants as an admission, concession, finding or evidence of the validity of any Released Claims, the truth of any fact alleged by the Plaintiffs, the validity of any defense that has been or could have been asserted in the Action, or of any alleged wrongdoing, liability, negligence, or fault of the Released Parties;

(b) is, may be deemed, or shall be used, offered, or received against Plaintiffs or the Settlement Class as an admission, concession, finding or evidence of the infirmity or strength of any claims raised in the Action, the truth or falsity of any fact alleged by Heartland or TextMarks, or the availability or lack of availability of meritorious defenses to the claims raised in the Action;

(c) is, may be deemed, or shall be construed against Plaintiffs and the Settlement Class or against Defendants as an admission or concession, finding or evidence that the consideration to be given hereunder represents an amount equal to, less than, or greater than that amount that could have or would have been recovered after trial;

(d) is, may be deemed, or shall be construed as or received in evidence as an admission or concession, finding or evidence against Plaintiffs and the Settlement Class or against Defendants that any of Plaintiffs' claims are with or without merit and that damages recoverable in the Action would have existed, would have exceeded or would have been less than any particular amount; or

(e) is, may be deemed, or shall be used, offered, or received against Defendants as an admission or concession, finding or evidence with respect to any liability, negligence, fault, or wrongdoing as against any Parties to the Agreement in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal.

23. The Parties, without further approval from the Court, are hereby permitted to agree and to adopt such amendments, modifications, and expansions of the Settlement Agreement and its implementing documents (including all exhibits to the Settlement

Agreement) so long as they are consistent in all material respects with the Final Judgment and do not limit the rights of Settlement Class Members.

24. Pursuant to Fed. R. Civ. P. 23(e)(5), the Court approves the withdrawl of the Manbeck and Stephens Objection.

25. The objections by Johnathon Sigward-Waters, Cathleen Knutson, and Robert Caldwell Jr. are hereby overruled in their entirety. Sigward-Waters' objection that the Defendants' merely be told to not send such texts again, at best, only expresses general disagreement with the Settlement without addressing the Settlement's adequacy. Knutson's objection that the Settlement should not be approved because it should "only be three years time" is unclear. Caldwell's objection that each class member should receive the $500 pursuant to the statute is unconvincing because providing such a large settlement per class member would likely drive Heartland out of business.

26. Without affecting the finality of this Final Judgment in any way, this Court hereby retains continuing jurisdiction over enforcement of the Settlement Agreement.

27. Based upon the Court's finding that there is no just reason for delay of enforcement or appeal of this Final Judgment notwithstanding the Court's retention of jurisdiction to enforce the Settlement Agreement, the Court directs the Clerk to enter final judgment pursuant to Rule 54(b). The Clerk is further instructed to close this matter.

**IT IS SO ORDERED.**

DATED: February 20, 2013

_____
Hon. Jeffrey T. Miller
United States District Judge